# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DARRELL SMITH,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No. 4:19cv183-RH/CAS**

**OFFICER GLASS,**
**and MARK S. INCH,**

    **Defendants.**
_____/

## ORDER and SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was granted leave to proceed in forma pauperis and assessed an initial partial filing fee of 86¢ pursuant to 28 U.S.C. § 1915(b) in an Order entered on April 29, 2019.  ECF No. 4. Plaintiff filed a response to that Order, ECF No. 5, in which he stated that he lacked the funds to comply with the prior Order.  Upon review, Plaintiff was given an opportunity to demonstrate that he had not intentionally spent funds to avoid payment of the partial filing fee.  ECF No. 6.  When Plaintiff did not respond to that Order, a recommendation was entered to dismiss

this case for failure prosecute or comply with a court Order as it appeared that Plaintiff had abandoned this litigation. ECF No. 7.

Thereafter, Plaintiff filed objections demonstrating his desire to proceed, ECF No. 7, and this case was remanded to the undersigned, ECF No. 9, noting that a prisoner should not be prohibited from bring a civil action because he lacks funds to pay an initial partial filing fee. Plaintiff is, thus, permitted to proceed and the original Report and Recommendation, ECF No. 7, is hereby vacated.

Plaintiff's complaint, ECF No. 1, has now been reviewed[1] as is required by 28 U.S.C. § 1915A. Plaintiff alleges that in 2017, he purchased numerous items from authorized venders, and his "prison inmate account will show" the items of property. ECF No. 1 at 5.[2] However, when Plaintiff was transferred to a different institution on February 15, 2018, his property was transported by Defendant Glass and inventoried, but Plaintiff contends the Defendant failed to give him a "property slip." *Id.* at 6. More

---

[1] Plaintiff's notice of inquiry, ECF No. 11, and notice of change of address, ECF No. 10, have been received and reviewed as well.

[2] Plaintiff's list of property is not entirely clear because for 13 items listed, Plaintiff lined out the item and wrote "void" beside it. Presumably Plaintiff still possessed the remaining items listed. ECF No. 1 at 5. Plaintiff has also occasionally written over a number, making it difficult to tell if Plaintiff is referring to 1 or 2 pairs. *Id.*

importantly, Plaintiff says that some of his property was missing. *Id.* He asserts a Fourth Amendment claim for the unlawful seizure of his property. *Id.* at 7.

Plaintiff sues Defendant Secretary Mark S. Inch "because he is responsible for training the staff to properly process inmate property, per rule." *Id.* He also seeks to name the Secretary as a Defendant until he can use discovery to identify "all the other Columbia C.I. staff who actually touched [his] property." *Id.*

First, Plaintiff has not alleged that any deficiency in training caused the loss of Plaintiff's property. There is, accordingly, no factual basis presented in this case to support a claim against the Secretary. It is well established that a prison official cannot be named as a Defendant in a civil rights case merely because he or she has supervisory authority over others. Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). The doctrine of respondeat superior or vicarious liability does not provide a basis for recovery under § l983. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). More must be presented to state a claim against the Secretary as there must be some causal connection

between the Defendant and the injury allegedly sustained.  <u>Swint v. City of Wadley</u>, 51 F.3d 988, 999 (11th Cir. 1995) (citing <u>Rivas</u> and <u>Zatler</u>; <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991); <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986)).  Plaintiff has not alleged a causal connection between his injury and any action of the Secretary.  The claim against the Secretary should be dismissed.

Additionally, the Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983.  <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998); <u>Daniels v. Williams</u>, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).  Plaintiff has alleged only that Defendant Glass did not provide a property slip to him.  That is not a sufficient basis for a claim.

To the degree Plaintiff *could* assert that Defendant Glass is responsible for the loss of his property, that claim is also insufficient.  If personal property of an inmate was taken and not returned because of a defendant's negligence, there can be no finding of an unconstitutional deprivation of property.  <u>Daniels v. Williams</u>, 474 U.S. 327 , 106 S. Ct. 662, 88 L. Ed.2d 662 (1986).  Even if Plaintiff contends the loss of his property

was done intentionally, his claim is still foreclosed. Parratt v. Taylor, 451 U.S. 527, 541-44, 101 S. Ct. 1908, 1916-17, 68 L. Ed. 2d 420 (1981), "and its progeny hold that a deprivation of liberty or property is not cognizable under Section 1983 when a state's post-deprivation remedies are adequate to protect a victim's procedural due process rights."[3] Wood v. Ostrander, 879 F.2d 583, 588 (9th Cir. 1989) (citing Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).

> [A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

Hudson, 468 U.S. at 533, 104 S. Ct. at 3204 (footnote omitted). Postdeprivation procedures satisfy due process for unauthorized deprivations by state actors, whether intentional or negligent, because the state cannot know in advance of the deprivation and therefore cannot provide predeprivation process. *Id.*, at 534, 104 S. Ct. at 3204.

---

[3] This aspect of Parratt was not overruled by Daniels v. Williams, 474 U.S. 327 (1986).

The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property. Fla. Stat. § 768.28(1). The existence of § 768.28 provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property.[4] In addition, the Department of Corrections' Administrative Rules permit an inmate to request compensation or replacement of missing property. FLA. ADMIN. CODE R. 33-602.201(14).[5] There is no indication that Florida's statutory scheme or the administrative process is not adequate. Thus, Plaintiff's claim concerning the deprivation of his property is not cognizable in this § 1983 action and his claim against Defendant Glass should be dismissed.

Accordingly, it is **ORDERED** that the original Report and Recommendation, ECF No. 7, is **VACATED**.

---

[4] The undersigned issues no opinion on the timeliness of such a remedy at this juncture. See § 768.28(6)(a).

[5] That Rule provides, in relevant part: "When an inmate's property is returned after being stored for any reason and items documented on Form DC6-224, Inmate Property List, cannot be located, this fact shall be documented on the form. Any request for compensation or replacement of missing items shall be initiated via the inmate grievance process by the inmate whose property is missing." FLA. ADMIN. CODE R. 33-602.201(14)(a).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 9, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv183-RH/CAS